UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Charles Williams,
      Petitioner,

v.                                    Civil Action No. Case

Case No.1784CR00804
Massachusetts Court


PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
AND MEMORANDUM OF LAW IN SUPPORT

**Table of Contents**

1.  Petition Under 28 U.S.C. § 2254 ................................... Filed Separate
    ⮑ See Additional sheet

2.  Memorandum of Law in Support ................................ Page 2 of 14

    o  Table of Authorities ............................................ Page 3, 4

    o  Statement of Facts ............................................ Page 5,6,7

    o  Ground One: Ineffective Assistance of Counsel ......... Page 8,9,10

    o  Ground Two: Denial of Full and Fair Opportunity ... Page 11,12

    o  Conclusion / Prayer for Relief ........................... Page 13

3.  Exhibits ............................................................. Page Court Records

## Memorandum of Law in Support of § 2254 Petition

**Table of Authorities**

**Ground I. (28 U.S.C. § 2254 – (Ineffective Assistance of Counsel)**

**Federal Cases**

Arizona v. Gant, 556 U.S. 332 (2009)............................................. passim
Harrington v. Richter, 562 U.S. 86 (2011) ............................................. 12
Kimmelman v. Morrison, 477 U.S. 365 (1986) ............................. 8, 9, 11
Rompilla v. Beard, 545 U.S. 374 (2005) ................................................. 8
Sleeper v. Spencer, 510 F.3d 32 (1st Cir. 2007) ................................... 11
Strickland v. Washington, 466 U.S. 668 (1984) ............................. 7, 8, 9
Wiggins v. Smith, 539 U.S. 510 (2003) ................................................. 8

**Massachusetts Cases**

Commonwealth v. Gentile, 437 Mass. 569 (2002) ............................... 10
Commonwealth v. Mubdi, 456 Mass. 385 (2010) ............................... 10
Commonwealth v. Silva, 455 Mass. 503 (2009) ................................. 10

**Statutes**

28 U.S.C. § 2254 ............................................................... passim
U.S. Const. amend. VI ........................................................ passim
U.S. Const. amend. XIV ............................................................ 6

**Table of Authorities**

**Ground II. (28 U.S.C. § 2254 – (Full and Fair Opportunity)**

**Federal Cases**

Agee v. White, 809 F.2d 1487 (11th Cir. 1987) ................................... 10
Caver v. Alabama, 577 F.2d 1188 (5th Cir. 1978) ................................. 9
Illinois v. Gates, 462 U.S. 213 (1983) ............................................ 7, 11
Katz v. United States, 389 U.S. 347 (1967) ..................................... 7, 11
Mapp v. Ohio, 367 U.S. 643 (1961) ...................................................... 11
McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002) ............................. 10
Sanna v. Dipaolo, 265 F.3d 1 (1st Cir. 2001) .................................. 9–10
Stone v. Powell, 428 U.S. 465 (1976) ........................................... 8–9, 10
Turentine v. Miller, 80 F.3d 222 (7th Cir. 1996) ................................... 9
Williams v. Taylor, 529 U.S. 362 (2000) .............................................. 11

**Massachusetts Cases**

Commonwealth v. Gentile, 437 Mass. 569 (2002) ................................................... 10
Commonwealth v. Mubdi, 456 Mass. 385 (2010) ................................................. 10
Commonwealth v. Narcisse, 457 Mass. 1 (2010) ................................................. 11
Commonwealth v. Stoute, 422 Mass. 782 (1996) ................................................. 12

**Statutes**

28 U.S.C. § 2254 ................................................................................ passim
U.S. Const. amend. IV ................................................................... passim
U.S. Const. amend. XIV ..................................................................... 6

# Statement of Facts

Petitioner **Charles Williams** respectfully submits this memorandum in support of his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner was charged in Suffolk County, Massachusetts, in July 2020 with murder, unlawful possession of a firearm, unlawful possession of a loaded firearm, and carrying a firearm without a license.

Petitioner filed a motion to suppress evidence obtained through an unlawful search and seizure asserting the search lacked probable cause and violated established Fourth Amendment protections. The Trial Court denied the motion using an incorrect "reasonableness" test rather than the Katz expectation of privacy and Gates probable-cause standards. The Massachusetts Appeals Court and Supreme Judicial Court affirmed without correcting this constitutional error. Law enforcement officers lacked probable cause and that no exception to the warrant requirement justified the intrusion. The trial court denied the motion, and the evidence was admitted at trial.

Prior to the Petitioner's suppression proceedings, Massachusetts appellate courts had clarified the constitutional standards governing warrantless searches and seizures under the Fourth Amendment and Article 14 of the Massachusetts Declaration of Rights. Decisions such as Commonwealth v. Mubdi, 456 Mass. 385 (2010), and Commonwealth v. Silva, 455 Mass. 503 (2009), established heightened requirements for evaluating the legality of seizures, including the level of reasonable suspicion necessary to justify investigatory detentions and the permissible scope of police conduct during such encounters.

Despite these developments, trial counsel did not rely on or preserve arguments based on these newly articulated standards. As a result, the suppression motion did not fully invoke the protections recognized in Mubdi, Silva, and related Fourth Amendment jurisprudence, and the issue was not adequately preserved for appellate review.

Charles Williams, Petitioner, contends that his conviction was obtained in violation of the Fourth, Sixth, and Fourteenth Amendments because the Commonwealth trial counsel rendered constitutionally ineffective assistance. Counsel failed to raise and preserve a new and controlling legal standard applicable to the motion to suppress evidence. That omission was highly prejudicial. Effective representation would likely have resulted in the exclusion of key physical evidence obtained through an unconstitutional search and seizure.

Petitioner contends that the Massachusetts state court denied him a full and fair opportunity to litigate his Fourth Amendment claim and that the state court's adjudication was contrary to and involved an unreasonable application of clearly established Federal law as determined by the Supreme Judicial Court of the United States.

The Massachusetts trial court's arbitrary and unreasonable application of Fourth Amendment standards violated the Fourteenth Amendment's guarantee of due process by depriving the Petitioner of a fair adjudication and rendering the proceedings fundamentally unfair.

Petitioner exhausted available state remedies, including direct appeal and post-conviction motion under Mass. R. Crim. P. 30. Relief was denied, and this timely federal petition follows.

The process was an unconscionable breakdown. Under 28 U.S.C. § 2254(d), habeas relief may be granted if the state-court adjudication: Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court (§ 2254(d)(1));

**Legal Standards**

**1.    Arizona v. Gant, 556 U.S. 332 (2009)**

The Supreme Court held that police may only search a vehicle incident to arrest if:

- The arrestee is within reaching distance of the passenger compartment at the time of the search, or

- It is reasonable to believe the vehicle contains evidence relevant to the crime of arrest.

**2.    Strickland v. Washington, 466 U.S. 668 (1984)**

*Strickland* established the two-prong test for ineffective assistance of counsel:

- Deficient Performance – Counsel's performance must fall below an objective standard of reasonableness. Courts apply a strong presumption that counsel's conduct was sound trial strategy.

- Prejudice – There must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Key point:* Both prongs must be satisfied. Deficient performance alone is not enough.

**3.    Kimmelman v. Morrison, 477 U.S. 365 (1986)**

*Kimmelman* expanded *Strickland* in the context of Fourth Amendment claims:

- Failure to raise a critical legal defense, such as an illegal search or seizure, can constitute ineffective assistance.

- Prejudice is presumed if counsel's errors undermine the defendant's ability to challenge constitutional violations.

Application: When trial counsel failed to file motions to suppress illegally obtained evidence, this inaction satisfies *Strickland*'s prejudice prong, as the outcome could reasonably have been different.

4.  **Wiggins v. Smith, 539 U.S. 510 (2003)**

*Wiggins* highlights the duty to investigate mitigating evidence:

- Counsel must conduct a reasonable investigation into the issues involving the search and seizure to present mitigating evidence in sentencing.

- Failure to investigate and present evidence may constitute deficient performance.

- The omission must be shown to have prejudiced the Petitioner, meaning it affected the sentencing outcome unfairly.

Therefore, a Petitioner, whose counsel failed to investigate mitigating circumstances, raise critical motions, or otherwise perform below professional norms has a strong argument for ineffective assistance. Based on *Arizona v. Gant, Strickland v. Washington, Kimmelman v. Morrison*, and *Wiggins v. Smith*, Charles Williams, Petitioner, establishes ineffective assistance of counsel by showing:

1.  Counsel's performance fell below an objective standard of reasonableness. Counsel did not file key motions to challenge the legality of the search or seizure.

2.  The suppresion motion had merit

3.  The deficiency prejudiced the outcome and sentencing

Trial counsel failure to file motions to suppress the illegally obtained evidence, satisfied *Strickland*'s prejudice prong, as the outcome could reasonably have been different.

**Ground One –Ineffective Assistance of Counsel (Sixth Amendment Violation)**

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a petitioner must show:

**Deficient performance**—that counsel's representation fell below an objective standard of reasonableness; and

**Prejudice**—a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

## ARGUMENT

Trial counsel rendered constitutionally deficient performance by failing to argue and preserve a newly established legal standard applicable to Petitioner's suppression motion. In *Commonwealth v. [Mubdi or Silva], the case* clarified the constitutional standard governing warrantless searches and seizures. Despite the clear applicability of this new rule, counsel did not supplement or renew the suppression motion.

As a result, the trial court evaluated the search under outdated precedent, denied suppression, and admitted unlawfully obtained property that became the cornerstone of the Commonwealth's case. Had counsel properly raised and applied the new standard, the trial court would have suppressed this evidence, and there is a reasonable probability the verdict would have been different.

This failure constitutes deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Kimmelman v. Morrison*, 477 U.S. 365 (1986). The omission was highly prejudicial and deprived Petitioner of the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments.

## A. Counsel's Performance Fell Below an Objective Standard of Reasonableness

Competent defense counsel must be aware of developments in controlling law that directly affect ongoing proceedings. *Kimmelman*, 477 U.S. at 385. Here, trial counsel failed to raise  or preserve the new legal standard of the Supreme Judicial Court governing the suppression motion, despite its issuance prior to trial and direct applicability to Petitioner's case.

In *Commonwealth v. Mubdi*, 456 Mass. 385 (2010), the Supreme Judicial Court clarified that an individual is "seized" for constitutional purposes when a reasonable person would not feel free to leave in light of police conduct. Similarly, *Commonwealth v. Gentile*, 437 Mass. 569 (2002), reaffirmed that the Commonwealth bears the burden to prove that a warrantless search falls within a narrowly drawn exception. Trial Counsel's failure to invoke these authorities deprived the trial court of the proper constitutional framework

and left the Petitioner's suppression claim unpreserved for meaningful appellate review. This omission was objectively unreasonable under prevailing professional norms.

In *Strickland*, 466 U.S. at 688–89 (counsel must exercise reasonable professional judgment). This is not a matter of tactical discretion but of fundamental constitutional competence.

## B. Counsel's Deficient Performance Was Prejudicial

The omitted argument was dispositive and directly affected the trial's outcome. Had Counsel argued the correct legal standard, the trial court would have suppressed the unlawfully obtained property. The search and seizure were unconstitutional, and the property forming foundation of the prosecution's case would have been excluded. Without that evidence, the Commonwealth's case was substantially weakened and likely could not have supported a conviction.

The Supreme Court in *Kimmelman*, 477 U.S. at 385, held that failure to litigate a meritorious suppression claim constitutes prejudice when the suppressed evidence is critical to the prosecution. Failure to litigate a meritorious suppression motion can satisfy both prongs of *Strickland*. *Kimmelman*, 477 U.S. at 375 – 85. The First Circuit has followed that principle. *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (Finding prejudice where Counsel's error allowed admission of critical, suppressible evidence that was decisive to the outcome).

The Supreme Court has recognized that failure to litigate a meritorious suppression motion can satisfy both prongs of *Strickland*. *Kimmelman*, 477 U.S. at 375 – 85. The First Circuit has followed that principle. *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (prejudice established where counsel's error allowed admission of critical, otherwise suppressible evidence).

Here, the seized property was the Commonwealth's central exhibit. The evidence was neither cumulative nor peripheral; it was the foundation of guilt. The failure to exclude it fundamentally undermined the reliability of the verdict. The prejudice is thus both clear and substantial. Thus, both *Strickland* prongs are satisfied.

## C. The State Court's Denial of Relief Was an Unreasonable Application of Clearly Established Federal Law Under § 2254(d)

The Commonwealth's post-conviction court's summary rejection of this claim was contrary to, and an unreasonable application of, *Strickland* and *Kimmelman*. The record shows counsel's omission, the existence of a new and controlling legal standard, and the direct causal link between the error and conviction. No reasonable jurist could conclude that counsel's omission of a controlling constitutional standard was within the range of professional competence.

The Supreme Court in *Harrington v. Richter*, 562 U.S. 86, 101 (2011), held that (Federal relief is warranted when state decision involves an unreasonable application of *Strickland*). The

deference under § 2254(d) does not insulate unreasonable applications of *Strickland*. Here, the Commonwealth failed to address the dispositive fact that the new legal standard, if applied, would have altered the suppression outcome and therefore the trial itself. That error satisfies § 2254(d)(1).

This standard has been reaffirmed in *Arizona v. Gant, 556 U.S. 332 (2009)*, *Wiggins v. Smith*, 539 U.S. 510 (2003); *Kimmelman v. Morrison*, 477 U.S. 365 (1986) (specifically applying *Strickland* to counsel's failure to litigate a Fourth Amendment claim); and *Rompilla v. Beard*, 545 U.S. 374 (2005).

**Ground Two – Denial of Full and Fair Opportunity (Fourth/Fourteenth Amendment)**

**Argument**

Citation: *Stone v. Powell*, *Terry v. Ohio*, *Florida v. Royer*, Massachusetts cases (*Mubdi*, *Gentile*)

### A. The State Court Denied Petitioner a Full and Fair Opportunity to Litigate His Fourth Amendment Claim

The Massachusetts state courts did not afford Petitioner a "full and fair opportunity" to litigate his Fourth Amendment claim as required by *Stone v. Powell*. The trial court arbitrarily misapplied federal law and conducted proceedings that lacked the procedural fairness necessary for constitutional adjudication.

Massachusetts precedent requires strict adherence to Fourth Amendment principles and the exclusionary rule. In *Commonwealth v. Mubdi*, 456 Mass. 385, 390–91 (2010) (evidence must be suppressed when obtained as a result of an unlawful seizure lacking reasonable suspicion); *Commonwealth v. Gentile*, 437 Mass. 569, 573 (2002) (the burden is on the Commonwealth to establish that a warrantless search falls within a recognized exception).

However, in Petitioner's case, the trial court ignored this precedent and substituted a generalized "reasonableness" analysis, disregarding both the expectation of privacy test under *Katz* and the totality-of-the-circumstances probable cause test under *Gates*. This deviation from controlling federal and state standards demonstrates a **contrary application of clearly established Federal law** under § 2254(d)(1).

The First Circuit has made clear that federal habeas review is available where the state's process for resolving Fourth Amendment issues was "seriously defective." *Sanna v. Dipaolo*, 265 F.3d at 8; see also *McCambridge v. Hall*, 303 F.3d 24, 34 (1st Cir. 2002) (en banc) (habeas relief warranted when state court's application of federal law was objectively unreasonable).

Similarly, in *Agee v. White*, 809 F.2d 1487 (11th Cir. 1987), the court held that where the state court failed to apply the correct constitutional standard and ignored controlling federal precedent, the petitioner had not been provided a full and fair opportunity under *Stone*.

### B. The State Court's Decision Was Contrary to and Involved an Unreasonable Application of Clearly Established Federal Law

The Supreme Court has consistently held that the Fourth Amendment prohibits unreasonable searches and seizures and that evidence obtained in violation of those rights must be suppressed. *Mapp v. Ohio*, 367 U.S. 643 (1961); *Katz v. United States*, 389 U.S. 347 (1967).

In the present case, the trial court applied a standard contrary to these holdings by evaluating the officer's conduct under a "total reasonableness" test divorced from the established requirement of individualized suspicion or probable cause. This approach was not only contrary to clearly

established Supreme Court precedent but also an unreasonable application thereof under *Williams v. Taylor*, 529 U.S. 362 (2000).

Massachusetts law, consistent with federal law, requires that searches and seizures be supported by particularized suspicion. *Commonwealth v. Narcisse*, 457 Mass. 1, 5 (2010) (police must demonstrate specific, articulable facts justifying intrusion). The trial court's disregard for this standard — and its failure to consider exculpatory evidence offered by the defense — demonstrates an objectively unreasonable application of federal law.

## C. The State Court's Determination of Facts Was Unreasonable in Light of the Evidence

Section 2254(d)(2) also permits relief where the state court's factual determinations are objectively unreasonable. The trial court's findings — including its acceptance of inconsistent or uncorroborated police testimony — were not supported by the record and ignored defense evidence demonstrating lack of probable cause.

Massachusetts appellate courts have reversed convictions where trial courts made similar unsupported findings. See *Commonwealth v. Stoute*, 422 Mass. 782, 789–90 (1996) (holding that defendant was seized when police pursued him without reasonable suspicion). The same logic applies here: the trial court's factual conclusions were not only unreasonable but fundamentally inconsistent with binding precedent.

**Conclusion/Prayer for Relief**

For these reasons, Petitioner respectfully requests that this Court:

1.    Grant the writ of habeas corpus pursuant to 28 U.S.C. § 2254; suppression of evidence; and

2.    Vacatur of conviction; and

3.    Grant such other relief as the Court deems just and proper

Respectfully submitted,

Genesia Eddins and
⅝ Charles Williams (W115049)
Pro Se Petitioner
MCI Shirley Medium
Shirley, MA. ZIP 01464


Dated: December 4, 2025

**CERTIFICATE OF SERVICE**

I, Genesia Eddins on behalf of Charles Williams, Petitioner certify that on this __4_ day of __December_____, **2025**, I mailed a true and correct copy of the foregoing **Memorandum of Law in Support of Petition for Writ of Habeas Corpus (28 U.S.C. § 2254 – Ineffective Assistance of Counsel; and Denial of Full and Fair Opportunity to Litigate Fourth Amendment Claim** by first-class mail, postage prepaid, to:

**Office of the Attorney General**
One Ashburton Place
Boston, MA 02108
(Attorney for Respondent - Joann Lynds)


Executed on this __4_ day of _December_____, 2025__.

Genesia Eddins
℅ Charles Williams
MCI Shirley
P.O. Box 1218
Shirley, MA, 01464